1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO, | Case No.  1:22-cv-00969-ADA-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART** |
| v. | |
| HARBIR CHAUDHARY, individually and dba 99 Food Market & Gasoline, et al., | (Doc. 20) |
| Defendants. | **OBJECTIONS DUE: 21 DAYS** |
| _____/ | |

On August 7, 2023, Plaintiff Jose Trujillo ("Plaintiff") filed a motion for default judgment against Defendants Harbir Chaudhary and Ved Vati Chaudhary (aka Ved Vati Rana), both individually and doing business as 99 Food Market & Gasoline ("Defendants"), pursuant to Fed. R. Civ. P. 55(b) (the "Motion").  (Doc. 20).  No opposition to the Motion was filed.  (*See* Docket.)  The Motion is therefore deemed unopposed.  The hearing set for September 20, 2023, on the Motion was vacated and the matter was taken under submission.  (Doc. 21.)

For the reasons set forth below, the undersigned recommends that the Motion be granted in part.[1]

_____

[1] The motion for default is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations to the assigned district judge.  *See* 28 U.S.C. § 636(b)(1)(B).

# I.    BACKGROUND[2]

On August 3, 2022, Plaintiff filed a complaint against Defendants alleging claims under the American with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and California's Health and Safety Code.  (Doc. 1 ("Compl.").)  The Complaint seeks an award of statutory damages, injunctive and declaratory relief, attorney's fees, and costs.  (*Id*.)  Plaintiff alleges that Defendants own, operate, and/or lease the property that is the subject of this suit, 99 Food Market & Gasoline (the "Facility"), located at 1357 South K Street, Tulare, California 93274.  (Compl. ¶¶ 1, 7.)  Plaintiff further alleges that he is substantially limited in his ability to walk and he uses a wheelchair or cane for mobility, and the Facility presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered therein.  (Compl. ¶¶ 8, 10.)

According to the proofs of service filed by Plaintiff, Defendants were served with copies of the summons and complaint on October 17, 2022, when the documents were left with Bajinder Raama ("Person In Charge of Office") at the Facility's address, and subsequently mailed to the same address.  (Docs. 4, 5; *see also* Doc. 20-2 ¶ 12.)  Neither Defendant has filed an answer or taken any action expressing an intent to defend against the lawsuit.  (*See* Docket.)

Plaintiff requested entry of default against Defendants on November 11, 2022, which was entered by the Clerk of Court a few days later.  (Docs. 7, 8.)  On April 20, 2023, Plaintiff filed his original motion for default judgment.  (Doc. 11.)  The assigned district judge subsequently adopted the undersigned's recommendation that the Court decline to exercise supplemental jurisdiction and Plaintiff's state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022).  (Doc. 19.)  The assigned district judge also denied Plaintiff's motion for default judgment subject to being renewed as to his remaining ADA claim.  (Doc. 19.)  On August 7, 2023, Plaintiff filed a renewed motion for default judgment, which is currently pending before the Court.  (Doc. 20.)

---

[2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Accordingly, the factual background is based on the allegations of the complaint.  (*See* Doc. 1.)

## II.      DISCUSSION

### A.      Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).  It is within the sole discretion of the court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment.  *See id.*  Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The *Eitel* factors include (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.*  "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

A plaintiff is required to prove all damages sought in the complaint.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917–18.  In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint.  Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917.

Before awarding a default judgment against a party who has failed to plead or otherwise defend, the Court must determine the adequacy of service of process, as well as the Court's jurisdiction over the subject matter and the parties.  *Project Sentinel v. Komar*, No. 1:19-cv-00708-DAD-EPG, 2021 WL 1346025, at *6 (E.D. Cal. Apr. 12, 2021) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).

**B.**   **Analysis**

**1.**   **Defendants Were Properly Served**

Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4. Under Rule 4, an individual may be served by: (1) delivering a copy of the summons and of the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).

Rule 4 also permits service on an individual in accordance with state law.  Fed. R. Civ. P. 4(e)(1).  California law permits substitute service by leaving a copy of the summons and complaint at the defendant's usual place of abode (i.e., dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box).  Cal. Code Civ. Proc. § 415.20(b).  Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left.  *Id.*

Here, according to the proofs of service filed by Plaintiff, Defendants were served with copies of the summons and complaint when the documents were left with Bajinder Raama, the "Person In Charge of Office" at the Facility's address, and subsequently mailed to the same address. (Docs. 4, 5; *see also* Doc. 20-2 ¶ 12.)  Because service was executed at Defendants' usual place of business and left in the presence of a person apparently in charge of Defendants' office, and copies of the documents were thereafter mailed to Defendants at the same address, the undersigned finds that service of Defendants was adequate.  *See* Fed. R. Civ. P. 4(e)(1); Cal. Code Civ. Proc. § 415.20(b).

**2.**   **The Court Has Jurisdiction Over This Case**

District courts have subject matter jurisdiction of all civil actions arising under the laws of the United States.  28 U.S.C. § 1331.  Here, subject matter jurisdiction exists over Plaintiff's remaining cause of action, his ADA claim, because it arises under a federal law.  The Court also has

personal jurisdiction over Defendants because they have "certain minimum contacts" with California such that "the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Calder v. Jones*, 465 U.S. 783, 788 (1984) (citation omitted).  Specifically, Defendants own, operate, and/or lease the Facility located at 1357 South K Street, Tulare, California 93274. (Compl. ¶¶ 1, 7.)  Therefore, the Court has jurisdiction over this matter.

### 3.  The *Eitel* Factors Weigh in Favor of Granting Default Judgment

#### a.  Possibility of Prejudice to Plaintiff

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendants participate and make an appearance in the litigation—which may never occur.  Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor.  *See Philip Morris USA, Inc.*, 219 F.R.D. at 499 ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment).  Therefore, Plaintiff would be prejudiced if the Court were to deny its motion.  This factor weighs in favor of default judgment.

#### b.  Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The next relevant *Eitel* factor includes an evaluation of the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint.  In weighing this factor, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation.  42 U.S.C. § 12182(a).  "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable."  *Id*. at § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable."  42 U.S.C. § 12182(b)(2)(A)(v).

5

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  "To state a claim under Title III based on the presence of architectural barriers in an existing facility, a plaintiff must allege and prove that: '(1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable.'"  *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

According to the complaint, Plaintiff is "substantially limited in his ability to walk, and uses a wheelchair or cane for mobility," and is thus "physically disabled" as defined by the applicable California and federal laws.  (Compl. ¶ 8.)  Plaintiff alleges that the Facility is a public accommodation, is intended for non-residential use, and its operation affects commerce.  (Compl. ¶ 9.)  Plaintiff further alleges that Defendants own, operate, and/or lease the Facility (Compl. ¶ 7), and is liable for the Facility's compliance with the ADA.[3]

Plaintiff visited the Facility on or about August 19, 2021, and alleges that Defendants failed to provide barrier-free access to the Facility in the following ways: (1) Plaintiff could not find a designated and accessible fuel pump, and despite honking several times, no one came out to assist him, nor did the call button work to summon an employee for assistance; (2) Plaintiff wanted to park in an accessible stall so he could unload and go into the store to buy drinks, but he could not locate any accessible parking in the Facility's lot; (3) the route of travel from the fuel pump to the Facility's entrance was uneven, with large height changes and gaps in the walking surface, which made it difficult for Plaintiff to travel across in his wheelchair; (4) the "built-up ramp" leading to the Facility's entrance was excessively sloped and did not provide a level top landing or maneuvering space at the door, so it was difficult for Plaintiff to ascend the ramp and open the door because his wheelchair kept rolling backward; (5) the threshold at the Facility's entrance was high

[3] Defendants are jointly and severally liable for ADA violations in any of these capacities.  *See Botosan v. McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000).

6

and hard for Plaintiff to wheel over; (6) several merchandise aisles lacked sufficient clear width for Plaintiff's wheelchair to pass through; and (7) the surface of the transaction counter was high, and there were shelves and merchandise displays in front of it which obstructed Plaintiff's approach to the counter, making it difficult for Plaintiff to reach over and pay for his purchase.  (Compl. ¶ 10.) Plaintiff alleges that the removal of these architectural barriers is readily achievable, or alternatively, the services could have been made available through alternative methods that were readily achievable.  (*See* Compl. ¶¶ 21–22.)

As these facts are taken as true regarding Defendants following entry of default against them, Plaintiff has met his burden of stating a *prima facie* ADA claim.  Plaintiff sufficiently alleges that he is disabled within the meaning of the ADA, Defendants own, operate, and/or lease the Facility, and the Facility is a place of public accommodation (Compl. ¶¶ 7–9).  *Molski*, 481 F.3d at 730. Plaintiff also sufficiently alleges that Defendants' existing Facility presents at least seven architectural barriers prohibited under the ADA and removal of these barriers is readily achievable (Compl. ¶¶ 10, 21–22).  *Hubbard*, 433 F. Supp. 2d at 1138.  Although substantially boilerplate, Plaintiff's ADA claim is adequately pleaded.  *See Gilbert v. Rashid*, No. 1:22-cv-00674-ADA-HBK, 2023 WL 5938567, at *4 (E.D. Cal. Sept. 12, 2023) ("Plaintiff's Complaint meets the low bar to put Defendant on notice by providing enough factual details to determine how he was denied full and equal enjoyment of the Facility."); *Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684 WBS DAD, 2011 WL 567364, at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment).

In sum, the complaint sufficiently states Plaintiff's claim under Title III of the ADA, and the substantive allegations appear to have merit.  As such, these *Eitel* factors weigh in favor of default judgment.

### c.    The Sum of Money at Stake in the Action

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of granting default judgment.  Default judgment is disfavored when a large amount of money is involved or is unreasonable considering the defendant's actions.  *See Truong Giang Corp. v. Twinstar Tea Corp.*,

No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  Here, Plaintiff is seeking a default judgment in the amount of $3,328.57, which is comprised attorney's fees and costs, as well as injunctive relief.[4]  (*See* Doc. 20 at 2; Doc. 20-1 at 8–12.)  This is not a relatively large sum of money, nor does it appear unreasonable, subject to the deductions set forth below.  *See Gilbert v. Bonfare Markets, Inc.*, No. 1:22-cv-00605-AWI-BAM, 2023 WL 2481367, at *5 (E.D. Cal. Mar. 10, 2023) (finding $3,537.24 sought in attorney's fees and costs did not weigh against default judgment); *Gilbert v. Rashid*, 2023 WL 5938567, at *4 (finding $3,074.23 sought in attorney's fees and costs did not weigh against default judgment).

**d.       The Possibility of a Dispute Concerning the Material Facts**

Regarding this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *TeleVideo Sys.*, 826 F.2d at 917–18, and Defendants have submitted nothing to contradict the well-pleaded allegations in the complaint.  *See United Specialty Ins. Co. v. Saleh*, No. 1:16–cv–00632–DAD–MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted).  Accordingly, this factor favors entry of default judgment.

**e.       Whether Default Was Due to Excusable Neglect**

Defendants failed to file responsive pleadings or oppose Plaintiff's motion for default judgment.  The Court has no evidence before it to establish that Defendants' failure to participate in the litigation is due to excusable neglect.  Thus, this factor weighs in favor of granting default judgment.  *See, e.g., Gilbert v. Rashid*, 2023 WL 5938567, at *4 ("Defendant was properly served yet has not appeared over a year since service was effectuated.  When service is proper it suggests there was not excusable neglect.") (citations omitted).

**f.       Policy Favoring Decision on the Merits**

This factor inherently weighs strongly against awarding default judgment in every case.  In

---

[4] In his complaint, Plaintiff also sought statutory minimum penalty assessments of $4,000 for each offense pursuant to the Unruh Act.  (*See* Compl. ¶ 40.)  As noted above, however, Plaintiff's Unruh Act claim was dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (Doc. 19), and Plaintiff expresses no intent to seek statutory damages in his motion for default judgment.

the aggregate, however, this factor is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment.

### 4.      Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the terms of the judgment sought by Plaintiff.

### a.      Injunctive Relief

Plaintiff's complaint and motion for default judgment seek an injunction requiring Defendants to make several changes and accommodations at the Facility.  (Compl. ¶¶ 2, 10, 33; Doc. 20-1 at 8.)  As the factual allegations in the complaint are taken as true, pursuant to federal law, Plaintiff is entitled to injunctive relief consisting of removal of those architectural barriers which he encountered on his visit to the Facility that violated the ADA.  *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").  The undersigned accordingly recommends that an injunction should issue requiring Defendants to: (1) provide a properly configured and identified accessible fuel pump; (2) provide a properly configured and identified designated accessible parking stall with adjacent access aisle; (3) provide a properly configured accessible route of travel from the fuel pumps to the Facility's entrance; (4) provide a properly configured accessible curb ramp leading to the Facility's entrance; (5) provide a properly configured accessible Facility entrance with a properly configured threshold; (6) provide and maintain clear width of the routes of travel through public areas of the interior of the Facility; and (7) provide a properly configured accessible transaction counter.

### b.      Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion.  Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Ninth Circuit has explained the lodestar approach as follows:

The lodestar/multiplier approach has two parts.  First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley*, 461 U.S. at 461].  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.  A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.  Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [Footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).  The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. [Citations omitted]

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $2,420.50 for total billable time spent on the case by the Moore Law Firm, plus $908.07 for costs.  (Doc. 20-1 at 8–10.)  Specifically, Plaintiff requests (1) $1,650.00 for 5.5 hours of work expended by Tanya E. Moore, Esq., at an hourly rate of $300; (2) $299.00 for 2.6 hours spent by paralegal Whitney Law at an hourly rate of $115; and (3) $471.50 for 4.1 hours spent by paralegal Isaac Medrano at an hourly rate of $115.  (Doc. 20-1 at 9–10.)

### i.    Hourly Rates

Plaintiff requests an hourly rate of $300 for attorney work by Ms. Moore and $115 for paralegal work by Ms. Law and Mr. Medrano.  (Doc. 20-1 at 9–10.)  Courts in this district have found these rates to be reasonable for the services of Ms. Moore and her paralegals.  *See Gilbert v. Phull*, No. 1:22-cv-00167-JLT-HBK, 2023 WL 6059838, at *7 (E.D. Cal. Sept. 18, 2023); *Gilbert v. Rashid*, 2023 WL 5938567, at *5; *Gilbert v. Samra*, 1:22-cv-00552-ADA-BAM, 2023 WL 4253449, at *6 (E.D. Cal. June 29, 2023); *Gilbert v. Bonfare Markets, Inc.*, 2023 WL 2481367, at *7; *Gilbert v. Muthana*, No. 1:21-cv-01333-JLT-SKO, 2022 WL 2208513, at *8 (E.D. Cal. June 21, 2022).  Accordingly, the undersigned finds the hourly rates for Ms. Moore and her paralegals requested in Plaintiff's motion for default judgment to be reasonable.

### ii.   Attorney Time Expended by Ms. Moore

Plaintiff seeks compensation for 5.5 hours of work performed by Ms. Moore at $300 per

hour.  (Doc. 20-1 at 9–10; Doc. 20-2.)  Upon consideration of the billing entries and time records submitted by Plaintiff (Doc. 20-3, Ex. A), the undersigned finds the 5.5 hours billed by Ms. Moore to be reasonable.  *See, e.g.*, *Gilbert v. Phull*, 2023 WL 6059838, at *7 (finding 6.8 hours billed by Ms. Moore to be reasonable); *Gilbert v. Rashid*, 2023 WL 5938567, at *5 (finding 5.6 hours billed by Ms. Moore to be reasonable); *Gilbert v. Samra*, 2023 WL 4253449, at *6 (finding 5.4 hours billed by Ms. Moore to be reasonable); *Gilbert v. Bonfare Markets, Inc.*, 2023 WL 2481367, at *7 (finding 5 hours billed by Ms. Moore to be reasonable).  The undersigned shall therefore recommend awarding Ms. Moore $1,650.00 for 5.5 hours of work to litigate this case.

### iii.    Paralegal Time Expended by Ms. Law and Mr. Medrano

Plaintiff seeks compensation for 2.6 hours expended by paralegal Ms. Law at $115 per hour, and 4.1 hours expended by paralegal Mr. Medrano at $115 per hour.  (S*ee* Doc. 20-1 at 10–11; Doc. 20-3, Ex. A; Doc. 20-4; Doc. 20-5.)  For the reasons set forth below, the undersigned recommends reducing the number of hours expended by both paralegals on the motion for default judgment and by Mr. Medrano on clerical tasks.

On January 23, 2023, and January 24, 2023, Mr. Medrano billed a total of 2 hours preparing the motion for default judgment and the supporting documents.  (Doc. 20-3, Ex. A.)  On February 1, 2023, Ms. Law also billed 0.5 hours reviewing and revising substantive portions of the motion for default judgment, as well as Ms. Moore's and her own declarations.  (*Id*.)  However, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court.  Accordingly, the undersigned finds that one hour of paralegal time is sufficient to prepare the motion for default judgment. *See Gilbert v. Samra*, 2023 WL 4253449, at *6–7 (finding one hour of paralegal time sufficient to prepare the motion for default judgment for the same reasons); *Gilbert v. Bonfare Markets, Inc.*, 2023 WL 2481367, at *7 (same); *Gilbert v. Muthana*, 2022 WL 2208513, at *7 (same).  The undersigned thus recommends deducting 1 hour from Mr. Medrano's time and 0.5 hours from Ms. Law's time.

In addition, the undersigned finds that certain entries by Mr. Medrano were clerical in nature, and thus, should be reduced.  Fees for work that is clerical in nature are considered part of normal overhead costs and are not included in recoverable hours.  *See Nadarajah v. Holder*, 569 F.3d 906,

921 (9th Cir. 2009).  On August 8, 2022, Mr. Medrano recorded 0.2 hours to review the order setting scheduling conference, calendar the hearing date, set the deadline for the Rule 26 meet and confer, and set the deadline to file a joint scheduling report (Doc. 20-3, Ex. A).  *See Gilbert v. Muthana*, 2022 WL 2208513, at *8 (finding an identical billable entry by Mr. Medrano to be clerical in nature and not recoverable); *accord Trujillo v. Hernandez*, No. 1:22-cv-00643-ADA-BAM, 2023 WL 3970658, at *6 (E.D. Cal. June 13, 2023).  On November 7, 2022, and February 1, 2023, Mr. Medrano recorded a total of 0.4 hours to review the Court's minute orders continuing the scheduling conference (Doc. 20-3, Ex. A).  *See Gilbert v. Muthana*, 2022 WL 2208513, at *8 (finding time spent reviewing the Court's minute order continuing the scheduling conference to be clerical in nature and not recoverable).  The undersigned finds that these billable entries generally describe clerical tasks and should not be reimbursed at a paralegal rate.  Accordingly, the undersigned recommends deducting 0.6 hours from Mr. Medrano's time.

Adding these figures together, the undersigned recommends Plaintiff be awarded 2.1 hours of time expended by Ms. Law at an hourly rate of $115, and 2.5 hours of time expended by Mr. Medrano at an hourly rate of $115, for a total of $529.00 in paralegal time.

### iv.    Costs

Plaintiff seeks to recover costs in the amount of $908.07.  (*See* Doc. 20-1 at 9; Doc. 12-2, ¶¶ 12–14; Doc. 12-2, Exs. B–D.)  Plaintiff has attached receipts for the filing fee, a pre-filing investigation, and process server fees, which are recoverable under the ADA.  *See Gilbert v. Rashid*, 2023 WL 5938567, at *6 (citing *Moralez v. 76 Orinda*, 830 F. App'x 209, 210 (9th Cir. 2020); 42 U.S.C. § 12205) (finding costs for court filing fee, costs of service, and fee for a pre-filing site inspection of the facility compensable); *see also Gilbert v. Samra*, 2023 WL 4253449, at *7 (same); *Trujillo*, 2023 WL 3970658, at *6 (same).  Accordingly, it is recommended that Plaintiff be awarded the sum of $908.07 for costs.

///
///
///
///

**c.       Conclusion**

For the reasons set forth above, the undersigned recommends Plaintiff be awarded the following fees:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya Moore | $300 | 5.5 | $1,650.00 |
| Ms. Whitney Law | $115 | 2.1 | $241.50 |
| Mr. Isaac Medrano | $115 | 2.5 | $287.50 |
| | | **Total Fees** | $2,179.00 |

Additionally, Plaintiff should be awarded $908.07 for the costs of suit.  Thus, the total award of fees and costs recommended is $3,087.07.

## III.       CONCLUSION AND RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, it is HEREBY RECOMMENDED that:

1.       Plaintiff's motion for default judgment (Doc. 20) be GRANTED IN PART;

2.       Judgment be entered in Plaintiff's favor and against Defendants;

3.       Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act;

4.       Plaintiff be awarded reasonable attorney's fees in the amount of $1,650.00 (5.5 hours at $300 per hour), paralegal fees in the amount of $529.00 (4.6 hours at $115 per hour), and costs of suit in the amount of $908.07; and

5.       Defendants be ordered to make the following modifications to the property known as 99 Food Market & Gasoline, located at 1357 South K Street in Tulare, California (the "Facility"), such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

a.       Provide a properly configured and identified accessible fuel pump;

b.       Provide a properly configured and identified designated accessible parking stall with adjacent access aisle;

13

         c.     Provide a properly configured accessible route of travel from the fuel pumps to the Facility's entrance;

         d.    Provide a properly configured accessible curb ramp leading to the Facility's entrance;

         e.    Provide a properly configured accessible Facility entrance with a properly configured threshold;

         f.     Provide and maintain clear width of the routes of travel through public areas of the interior of the Facility; and

         g.    Provide a properly configured accessible transaction counter.

Furthermore, Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendants at their last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  __September 22, 2023__          _____*/s/ Sheila K. Oberto*_____
                                UNITED STATES MAGISTRATE JUDGE